# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAYDAY LOAN, LLC d/b/a PAYDAY MONEY CENTERS, <br><br>        Plaintiff, <br><br>        v. <br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, <br><br>        Defendants. | No. 1:20-cv-1084 (ABJ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS[1]

Dated: April 30, 2020

| | |
|---|---|
| JOSEPH H. HUNT <br> Assistant Attorney General | JAMES J. GILLIGAN <br> Special Litigation Counsel |
| DAVID M. MORRELL <br> Deputy Assistant Attorney General | INDRANEEL SUR <br> Trial Attorney |
| JOHN R. GRIFFITHS <br> Director | Federal Programs Branch, <br> Civil Division <br> United States Department of Justice |
| ERIC WOMACK <br> Assistant Director | P.O. Box 883 <br> Washington, D.C. 20044 <br> Telephone: (202) 616-8448 <br> E-mail: Indraneel.Sur@usdoj.gov |
| | *Counsel for Defendants* |

---

[1] Upon agreement by the parties during the April 28, 2020, telephonic status, the Court ordered that (i) Payday's motion for a temporary restraining order and preliminary injunction (ECF No. 2) shall be consolidated with an adjudication of the merits under Federal Rule of Civil Procedure 65(a)(2); (ii) Defendants' opposition (ECF No. 8) to Payday's motion shall be deemed a motion to dismiss for failure to state a claim upon which relief can be granted; and (3) Payday's reply (ECF No. 9) shall be deemed an opposition to that motion. *See* Minute Order dated April 30, 2020.

As Defendants have demonstrated, the CARES Act[2] authorizes the SBA to guarantee PPP loans "under the same terms, conditions, and processes" applied in its pre-existing small-business loan program, "[e]xcept as otherwise provided" by the terms of the CARES Act itself. 15 U.S.C. § 636(a)(36)(B).  No provision of the CARES Act directs the SBA, when administering the PPP, to waive its longstanding rule, 13 C.F.R. § 120.110(b), prohibiting SBA loans to "[f]inancial businesses primarily engaged in the business of lending."  As a result, the express terms of subparagraph 636(a)(36)(B) authorize the SBA to continue applying its longtime "no lender" regulation under the PPP, and Payday's claim that it must be deemed eligible to apply for a PPP loan fails.

In support of its contrary view, Payday relies in its opposition on 15 U.S.C. § 636(a)(36)(D)(i), which provides that "[d]uring the covered period, . . . any business concern, nonprofit organization, veterans organization, or Tribal business concern described in [15 U.S.C. § 657a(b)(2)(C)] shall be eligible to receive a [PPP] loan" if it meets the relaxed applicant size limitations for PPP loans, *id.* § 636(a)(36)(D)(i)(I), (II).  Pl.'s Reply Mem. of Law in Support of Its Emer. Mot. for Entry of [TRO] and Prelim. Inj. at 2 (ECF No. 9) ("Pl.'s Reply").  Still entirely ignoring subparagraph 636(a)(36)(B), Payday insists that the phrase "***any*** business concern," as used in subparagraph 636(a)(D)(i), "sets forth an eligibility standard wholly at odds with [s]ection 120.110's categorical denial of [PPP] loans to lending companies and other businesses."  *Id.* (emphasis Payday's).

---

[2] Specialized terms not otherwise defined herein shall have the same meaning as given in Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for a Temporary Restraining Order (ECF No. 8).

But in placing so much weight on the phrase "any business concern," Payday overlooks the canon of statutory construction providing that the meaning of the word "any" can differ if "strange and indeterminate results" would emerge from adopting the usual meaning of "any" in a statute. *Nixon v. Mo. Mun. League,* 541 U.S. 124, 132-33 (2004); *see also Small v. United States*, 544 U.S. 385, 388-94 (2005) (holding that the term "any court," as used in 18 U.S.C. § 922(g)(1), was limited to domestic courts because, *inter alia*, including foreign courts would create anomalies that Congress could not have intended). If adopted, Payday's reading of the CARES Act would lead to just such strange and anomalous results. As Payday acknowledges, *see* Pl.'s Reply at 2, under its interpretation of the Act Congress not only supposedly directed the SBA to make PPP loans available to lenders excluded under section 120.110(b), but in one fell swoop Congress also purportedly compelled the SBA to make loans available to:

- businesses located in foreign countries;

- pyramid sale distribution plans;

- businesses engaged in illegal activities;

- private clubs and businesses which limit the number of memberships for reasons other than capacity;

- businesses with an associate who is incarcerated, on probation, on parole, or [who] has been indicted for a felony or a crime of moral turpitude;

- businesses that have previously defaulted on federal loans resulting in a loss to the Federal Government; and

- speculative businesses (such as oil wildcatting).

*See* 13 C.F.R. § 120.110(e), (f), (h), (i), (n), (q), (s).

Payday offers not a word to explain why Congress would find it necessary or appropriate in the public interest to compel the SBA, on a wholesale basis, to make PPP loans available to businesses falling into these categories. Nor does it justify its conclusion that Congress ordained

2

such far-reaching and profound changes in longtime SBA loan policy in such inconspicuous fashion. *See Jones v. United States*, 526 U.S. 227, 234 (1999) ("Congress is unlikely to intend radical departures from past practice without making a point of saying so."); *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001) ("Congress . . . does not . . . hide elephants in mouseholes.").[3]

The SBA's interpretation of subparagraph 636(a)(36)(B) as preserving its authority under section 120.110 is embodied in a regulation issued by the SBA in exercise of emergency rulemaking authority conferred by Congress under the CARES Act. *See* CARES Act. § 1114 (directing SBA within 15 days to "issue regulations to carry out [the PPP] and the amendments made by [the PPP] without regard to the notice requirements under section 553(b) of title 5, United States Code"); SBA, *Business Loan Program Temporary Changes; Paycheck Protection Program*, Interim Final Rule, 85 Fed. Reg. 20811, 20812 (Apr. 15, 2020) (providing that businesses "identified in 13 CFR 120.110," with the exception of nonprofit organizations, are ineligible for PPP loans); *id.* at 20817 (citing authority under CARES Act § 1114). The rule's interpretation of the CARES Act is clearly correct, and entitled to deference. *See Mozilla Corp. v. FCC*, 940 F.3d 1, 19-20 (D.C. Cir. 2019); *Guedes v. Bur. of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 17-18 (D.C. Cir. 2019). Payday, therefore, has failed to state a claim against the SBA on which relief can be granted.

---

[3] Payday's interpretation of the CARES Act also fails to account for the fact that the categories of businesses listed in section 120.110 include "[n]on-profit businesses." 13 C.F.R. §120.110(a). If Congress meant the phrase "any business concern" in subparagraph 636(a)(36)(D)(i) to extend PPP eligibility to all categories of businesses identified in 13 C.F.R. § 120.110, then it would not have been necessary to separately specify in that same provision of the Act that "nonprofit organizations" may also apply for PPP loans.

3

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss should be granted.

Dated: May 1, 2020

    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director

ERIC WOMACK
Assistant Director


 */s/ James J. Gilligan*
JAMES J. GILLIGAN
Special Litigation Counsel

INDRANEEL SUR
Trial Attorney

Federal Programs Branch,
Civil Division
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3358
E-mail:     James.Gilligan@usdoj.gov

*Counsel for Defendants*